**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000561
15-OCT-2025
07:50 AM
Dkt. 110 SO**

NO. CAAP-24-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEKOA PICHE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-24-0000351; 1CPC-23-0001128)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Kekoa **Piche** appeals from the *Judgment of Conviction and Probation Sentence* entered by the Circuit Court of the First Circuit on July 24, 2024.[1]  We affirm.

Piche was charged by felony information with Burglary in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-810(1)(c), which provides:

> (1)  A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
>
> . . . .
>
> (c)  The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

HRS § 708-810 (2014).

---

[1]  The Honorable Timothy E. Ho presided.

The felony information alleged that Piche entered **TC** and **RC**'s dwelling on April 3, 2024, intending to commit a crime against a person or property rights. Piche pleaded not guilty.

A jury found Piche guilty of the included offense of Criminal Trespass in the First Degree. He was sentenced to one year in prison, consecutive to the sentence imposed in JIMS No. 1CPC-23-0001128.[2] This appeal followed.

Piche contends the trial court erred by: (1) admitting evidence of a kitchen knife; (2) refusing to instruct the jury on the included offense of simple trespass; and (3) imposing consecutive sentences.

**(1)** Piche moved in limine to preclude "reference to or depiction of [TC]'s kitchen knife, which was allegedly found on the ground near the door[.]" He cited Rules 401 and 403, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016) (**HRE**). The motion was denied.

At trial, the State asked TC if she noticed "whether anything was misplaced" on the night in question.

TC answered, "Yes, we did. We noticed that there was a knife missing from our knife block in the kitchen."

The State asked if she found the knife.

TC answered, "We did. We found it on the lanai."

The State handed a photograph, marked as Exhibit 10 for identification, to TC and asked her what it was.

TC said it was "a butcher knife from our butcher block, ah, laying on the -- the ground of the lanai." She said "it's the brand of knives that we own and it matches the rest of our set."

The State asked TC "is State's Exhibit 10 a fair and accurate depiction of the knife as you found it on April 3rd, 2024, at about 9:30 p.m.?"

---

[2] In the 2023 case, Piche pleaded guilty to Terroristic Threatening in the Second Degree. On March 6, 2024, he was sentenced to one year probation. He was resentenced to one year in prison after inexcusably failing to comply with the terms and conditions of probation.

TC answered, "Yes, it is."

The State then offered Exhibit 10 into evidence.

Piche objected based on HRE Rules 401 and 403.

The trial court admitted Exhibit 10 over Piche's objection.

**(a)** HRE Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under HRE Rule 402, relevant evidence is generally admissible, while evidence that is not relevant is not admissible. We review whether evidence is relevant under the *right/wrong* standard. State v. Kato, 147 Hawaiʻi 478, 489, 465 P.3d 925, 936 (2020) (emphasis added).

Exhibit 10, which showed the knife on the ground outside TC's house next to the sliding door, was relevant because it illustrated TC's testimony, which tended to show that Piche had taken the knife from inside TC's dwelling and dropped or left it outside as he left the dwelling.

Relevance was reinforced by TC's later testimony that she last saw the knife in the knife block on her kitchen counter earlier in the day, she didn't put the knife where it was shown in Exhibit 10, and she hadn't seen RC or their children put it there, either.

**(b)** HRE Rule 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" "Unfair prejudice" means the evidence would tend "to influence the trial result in a forbidden or otherwise improper way." State v. Timas, 82 Hawaiʻi 499, 511, 923 P.2d 916, 928 (App. 1996). We review a trial court's HRE Rule 403 rulings for abuse of discretion. State v. Feliciano, 149 Hawaiʻi 365, 372, 489 P.3d 1277, 1284 (2021).

Piche argued, "Obviously a knife being found is going to, ah, potentially scare the jurors, um, into just wanting to

3

convict based on the scariness of finding a knife." Exhibit 10 showed a common chef's knife. There was no blood on the knife. The knife was lying on the ground, not embedded into a person or object. The trial court acted within its discretion by overruling Piche's HRE Rule 403 objection.

**(2)** Piche was charged with Burglary in the First Degree. The trial court granted Piche's request for a jury instruction on the included offense of Criminal Trespass in the First Degree, HRS § 708-813(1)(a):

> (1) A person commits the offense of criminal trespass in the first degree if:
>
> (a) That person knowingly enters or remains unlawfully:
>
> (i) In a dwelling[.]

HRS § 708-813 (2014).

Piche also requested a jury instruction on the included offense of Simple Trespass, HRS § 708-815:

> (1) A person commits the offense of simple trespass if the person knowingly enters or remains unlawfully in or upon premises.

HRS § 708-815 (2014).

The trial court refused the instruction.

"Jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." State v. Angei, 152 Hawaiʻi 484, 492, 526 P.3d 461, 469 (2023).

Piche testified at trial. He agreed he walked through a residential area with many houses. He stopped "on the outside of the corner of [TC's] house. On the outside of the fence." He knew it was a house. The garage was closed. The gate wasn't latched. He opened it, went through the yard, and got to the sliding glass door. He opened the door and went inside the house. He went upstairs. He went into the bathroom. He went

into the bedroom. He saw a person sleeping in a bed. He went into the baby's room. He saw a baby in a crib. He went downstairs. He saw a child with a pacifier in its mouth. He followed the child into the living room, where he saw TC. She started screaming. She "was screaming and kicking and then just basically doing what a woman does when -- when they get frantic. She's just throwing -- just going crazy." She kicked him, but it didn't hurt. He turned and left. He left through the same sliding door he entered from. He knew he didn't have the residents' permission to enter the house. He explained:

> What I mean by that is I understand what you're telling me that I'm unlawfully entering to someone's home. What I'm telling you is I didn't get that permission, so you're right in articulating that.
>
> What I'm saying is that's not wrong because the Lord sent me there.

The difference between Criminal Trespass in the First Degree and Simple Trespass is the former must involve a "dwelling" while the latter applies to any "premises." "Dwelling" means "a building which is used or usually used by a person for lodging." HRS § 708-800 (2014). "'Premises' includes any building and any real property." Id. Piche's testimony established that he knew he was entering someone's house without the occupant's permission. There was no basis for a reasonable juror to conclude that what Piche entered was not a dwelling. The trial court did not err by declining to instruct the jury on Simple Trespass. See Angei, 152 Hawaiʻi at 496, 526 P.3d at 473.

**(3)** Piche was sentenced to one year in prison, consecutive to the sentence imposed in another case. A sentencing court may order terms of imprisonment to run concurrently or consecutively. State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013). We review sentencing decisions for "plain and manifest abuse of discretion[.]" Id.

The sentencing court "must state on the record at the time of sentencing the reasons for imposing a consecutive

sentence." State v. Bautista, 153 Hawaiʻi 284, 290, 535 P.3d 1029, 1035 (2023). Here, the trial court appropriately discussed the HRS § 706-606 factors before imposing the consecutive sentences, including Piche's "long history of criminality"; his resuming the use of "illicit drugs on a daily basis"; the revocation of his supervised release and probation; and the need "to reflect the seriousness of this offense, promote respect for the law and provide just punishment for this offense. . . . [and] afford adequate deterrence of criminal conduct and to protect the public from further crimes of the defendant."

Piche argues the trial court impermissibly "suggested that the jury would have convicted Piche of a felony if different charges or jury instructions had been presented." The court's comment may have been an inartful reference to the severity of the offense — one of the factors for consideration under HRS § 706-606. In any event, the court gave independent, sufficient reasons for imposing consecutive terms based on its analysis of several HRS § 706-606 factors. The court did not abuse its discretion by sentencing Piche to consecutive terms of imprisonment.

The *Judgment of Conviction and Probation Sentence* entered on July 24, 2024, is affirmed.

DATED: Honolulu, Hawaiʻi, October 15, 2025.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge